UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ROCKY JOE HOUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:06-CV-318 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| JOHN E. POTTER, U.S. POSTAL SERVICE, | ) | |
| DAVID HAGGARD, and FAY HALL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| ROCKY JOE HOUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:06-CV-387 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| JEFF WICKS, JAMES BUDDY SCOTT, J. | ) | |
| SCOTT McCLUEN, BRAD NEALON, | ) | |
| ANGELA RANDOLPH, CHARLES C. SNOW, | ) | |
| RANDY G. ROGERS, JAMES F. LOGAN, JR., | ) | |
| STATE of TENNESSEE, and ROANE COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| ROCKY JOE HOUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:07-CV-008 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| GEORGE W. BUSH, THOMAS W. PHILLIPS, | ) | |
| LEONARD GREEN, the FEDERAL | ) | |
| GOVERNMENT, and the STATE of OHIO, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| ROCKY JOE HOUSTON, | ) | |
| | ) | |

|                                          |   |                              |
|------------------------------------------|---|------------------------------|
| Plaintiff,                               | ) |                              |
|                                          | ) | Case No. 3:07-CV-187         |
| v.                                       | ) |                              |
|                                          | ) | Chief Judge Curtis L. Collier |
| ROANE COUNTY, DAVID H. BEAMS in his      | ) |                              |
| official capacity as OAK RIDGE POLICE    | ) |                              |
| CHIEF, GEORGE W. BUSH, and               | ) |                              |
| UNITED STATES OF AMERICA,                | ) |                              |
|                                          | ) |                              |
| Defendants.                              | ) |                              |

# JUDGMENT ORDER AND PERMANENT INJUNCTION

Before the Court are four *pro se* civil rights actions brought pursuant to 42 U.S.C. § 1983. For the reasons set forth in the accompanying memorandum, the Court **DISMISSES WITH PREJUDICE** the following cases: No. 3:06-CV-318, No. 3:06-CV-387, No. 3:07-CV-008, and No. 3:07-CV-187. The Clerk is hereby **ORDERED** to (1) **GRANT** any pending motions to dismiss in these cases, (2) **DENY** any pending motion for default filed by the plaintiff, (3) **DISMISS** any remaining defendants, and (4) close these cases.

This Court also **GRANTS** the motion for sanctions (Court File No. 18) filed by defendants in Case No. 3:06-CV-387. The plaintiff, or anyone in privity with him including his wife, brother, assignees, designees, and/or attorneys-in-fact, is hereby **PRECLUDED, RESTRAINED,** and **ENJOINED** from filing any new civil actions in the United States District Court for the Eastern District of Tennessee, if such actions arise out of the same facts, transactions, and/or occurrences, and/or are related to, the same broad conspiracy alleged in every other case filed by the plaintiff in the Eastern District of Tennessee and cited in the accompanying memorandum. The plaintiff is hereby **PRECLUDED, RESTRAINED,** and **ENJOINED** from filing any new civil action in any court, municipal, state, or federal, against (1) the States of Tennessee and Ohio, (2) any govern-

mental agency, official or employee of the State of Tennessee, (3) any municipality or any municipal official or law enforcement agent located within the Eastern District of Tennessee, (4) or any state, municipal, or federal judge, court official or employee within the jurisdiction of the United States Court of Appeals for the Sixth Circuit for actions taken in the course of their official duties as judge, official, or employee, without first obtaining a written certification that the complaint has some legal and factual merit from the undersigned or, if the undersigned is not available, from another United States District Judge in the Eastern District of Tennessee.

The pre-filing requirement is deemed a condition precedent to the commencement of any legal action by the plaintiff. The plaintiff's failure to seek the undersigned's certification will permit the Court in which the case is filed to dismiss the case. Any filing fee paid will be forfeit. The plaintiff also risks contempt of court for such filing. Moreover, the Clerk of Court is hereby **PRECLUDED, RESTRAINED,** and **ENJOINED** from accepting any complaint filed by the plaintiff unless the complaint includes the undersigned's certification.

To obtain certification, the plaintiff must comply with the following requirements:

(1) He must file a "Motion Pursuant to Court Order Seeking Leave to File" with any proposed complaint;

(2) As an exhibit to that motion, he must attach a declaration or sworn affidavit certifying (a) the claim is a new issue which has never been previously raised by him in any court and is unrelated to the conspiracies he has alleged in prior filings; (b) the claim is not frivolous; (c) the claim is not made in bad faith or maliciously; and (d) he pledges to fulfill his obligations under Fed. R. Civ. P. 41(b) to diligently prosecute the case.

(3) By means of a second exhibit, the plaintiff must identify and list (a) the full caption

3

of each and every suit which has been previously filed by him or on his behalf in any court against each and every defendant in the suit that he wishes to file, and (b) the full caption of each and every suit which has been previously filed by him or on his behalf and which is pending.

(4) Failure to comply with or satisfy the terms of this Order is grounds for this Court to deny any motion for leave to file made by the plaintiff or on his behalf, and failure to comply with this Order will sustain a motion to dismiss. Failure to comply with this Order is grounds for the forfeiture of any filing fee paid by the plaintiff. Any filing fee is subject to forfeit if the undersigned determines the proposed complaint does not seek to litigate a new issue or is filed maliciously or in bad faith.

(5) The plaintiff shall append this Order to any new action he may hereinafter file in any court.

(6) Nothing in this Order shall be construed as having any effect on the plaintiff's ability to defend himself in any criminal action which has been or may be brought against him or to file a petition for writ of habeas corpus.

The Court shall retain the ability to modify this Judgment Order and Permanent Injunction as necessary as circumstances may change.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

ENTERED AS A JUDGMENT
s/ *Patricia L. McNutt*
CLERK OF COURT